From: Christian DeJesus
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

To: Honorable Joseph J. Farnan, Jr.
U.S. District Court Judge
Delaware District Court
844 King Street
Wilmington, Delaware 19977

FILED

APR 9 – 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

April 3, 2007

Re: DeJesus v. Carroll, et al.,
C.A. No. 06-553-JJF

Dear Judge Farnan,

I am writing regarding an extremely urgent procedural matter involving the State-Respondents' Answer to my (The Petitioner) writ of Habeas Corpus petition from state court's criminal convictions and sentences.

The Respondents stated at page 3 to 4 in their Answer that petitioner failed to exhaust his state court remedies regarding several meritorious appeal issues as cited on page 2 to 3 of its Answer.

Specifically, the Respondents stated on page 3 of its Answer that petitioner did not present his claim that prior to trial the victim, Marisol Ayala, wrote two letters recanting her prior statement that petitioner is the perpetrator of these crimes based upon her mistaking

1

identity of petitioner for his look-a-like brother (For one exception, petitioner is light-skinned and his brother is dark-skinned). Ms. Ayala believe she identified the dark-skinned brother. However this claim, as well as all of petitioner's other claims, were presented to the State courts and are therefore exhausted. (See Petitioner's State Court Postconviction Motion exhibit "A" and Opening Brief To The Delaware Supreme Court for review of denial of postconviction relief Exhibit "B").
Note: The Opening Brief (Ex. B) incorporate all claims and facts contained in petitioner's Memorandum of Points and Authorities presented to the Superior Court in support of Postconviction Relief Motion. (page 1 to Ex. B).

Thus, the substance of all petitioner's claims were present to both the Superior and Supreme Courts whom had a full and fair opportunity to adjudicate these claims identified in the Respondents' Answer at page 2 to 3. See DeJesus v. State, 965 A.2d 521 (Del. Supr. 2005); State v. DeJesus, 2005 WL 2360680 (Del. Super.) and DeJesus v. State, No. 499, 2005 (Del. Supr.) (Exhibit "C")

The Respondents' Answer does not constitute an adequate reply pursuant to Rule 5 of the Rules governing Section 2254 action, 28 U.S.C. foll. § 2254.

Therefore this court shall issue an Order directing the Respondents to re-file their Answer to petitioner's habeas petition.

When issuing its Amended Order this Court shall direct the Respondents to rescind from advancing any

more improper arguments as they did on page 9 thru 11 alleging that petitioner raised a claim about a "Suggestive Identification" in his habeas petition.

On the contrary petitioner claim that the victim recanted her mis-identification and then was threaten with imprisonment by police officer to falsely testify at petitioner's trial in support of her prior statement mis-identifying him as her attacker. (See Petitioner's original habeas petition and attachments therefore).

To clear up this confusion the petitioner herein incorporate his Postconviction Motion (Ex. A) as an Amendment to his habeas petition pursuant to Rule 15 of the F.R.P.C., and all claims set forth therein constitute Grounds for relief from the unconstitutional STATE Court convictions and sentences under attack in this § 2254 petition.

## Issues Of Most Interest

The issues of most interest that the Respondents shall focus on in their Amended Answer are as following:

a) Petitioner's trial counsel was ineffective for failing to challenging at trial and on direct appeal the impermissible testimonial identifications of Malesol Ayala which was based upon her out-of-court prior statements to Detective Campos. Ms. Ayala prior statements are govern by 11 Del. C. § 3507 (a)'s

Voluntariness. See Hatcher v. State, 337 A.2d 30 (Del. Supr. 1975) and State v. Rooks, 401 A.2d 943 (Del. Supr. 1979), holding that a 3507 statements must be voluntary product of free will. At the time Ms. Ayala's prior statement was admitted into evidence, the issue of voluntariness was in dispute as to whether or not Detective Campos threaten her to testify falsely against petitioner. (See T. Tr. May 13, 2004 Cross-examination of Ms. Ayala page 48 thru 55). At this point trial counsel should have requested that the trial court conduct voir dire on Ms. Ayala and Detective Campos regarding the issue of voluntariness. Although constitutionally required by the trial court, no voir dire was conducted on Detective Campos who thereafter attempted to justify his misconduct by speculating that Ms. Ayala was recanting her prior statement and wrongful identification because she was afraid of the petitioner. (See T. Tr. May 13, 2004 direct examination of Detective Campos page 91 thru 94).

The issue of whether a § 3507 prior statement was given voluntary or was the product of threats, coercion or inducement must be resolved prior to trial. See Drummond v. State, 834 A.2d 826, 2003 WL 22321042 at * 4 to 5 (Del. Supr.).

However § 3507 deal with inconsistent statements and there is no mention of statements that were recanted which is the circumstances surrounding Ms. Ayala's prior out-of-court statement. Trial counsel did not question the issue of whether or not a § 3507

inconsistent statement is the same as a recanted statement
due to a clear mistaking identity.

b). The prejudice that resulted from trial counsel's
failure to challenge this conflicting procedural rule of law:

The recanted statement (in this case Ms. Ayala's
misidentity of petitioner) would <u>not</u> have been admissible
while a mere inconsistent statement could be still admitted
pursuant to § 3507(a) due to voluntariness.

Thus without the false evidence of Ms. Ayala's recanted
statement and mis-identification then the only other
evidence the prosecution could rely on is the prior statement
of Solimari Torrez and Grace Almodovar. (T.Tr. Testimony
of Ms. Almodovar page 29 thru 34 and Testimony of Ms.
Torrez page 59 thru 75 May 13, 2004). Ms. Almodovar
(who was 6-years old at the time) did not identify petitioner
at trial. And Ms. Torrez's testimony, somewhat damaging,
however she did not see the intruder come into the house.

So at best, Ms. Torrez's testimony support one element
of the First Degree Burglary charge, i.e., "that the intruder
was armed with a gun". The element as to the <u>unlawful</u>
<u>entry</u> could not be sustained on the basis of Ms. Torrez's
testimony. Therefore the burglary charge (count 1 of
the indictment) would have to be dismissed along with
the "overt act element" of the intent of the unlawful
entry, i.e - 1st degree unlawful imprisonment. (See
Indictment Exhibit "D").

Furthermore the separate charge of 1st degree unlawful imprisonment and accompanying felony weapon possession, counts VIII and IX of the indictment must be dismissed as well because it's the "intent" of the unlawful entry of the burglary count that was not sustained by proof beyond a reasonable doubt.

c). Finally, since the remaining three counts of Aggravated Menacing charges, counts II thru VII of the indictment, do not incorporate the 1st degree burglary by reference, then standing alone, the trial court had no jurisdiction or authority to prosecute the Aggravated Menacing charges within the compound of the burglary count of the indictment. This legal principle has been in Delaware for at least a 160 years. See STATE v. Minnick, 168 A.2d 93, 99 (Del. Super. 1960), which states:

> Each count in an indictment must normally be considered as an individual unit, as though it were a separate indictment standing by itself. In doing this, I have found the subject units to be defective. Further draftmen should, however, take not of the fact that such individualized consideration would not have been necessary had the simple device of cross referencing been employed as sanctioned by Rule 7 (c) in the following language:
> ' Allegations made in one count may be incorporated by reference in another count.'

Also, see, Superior Court Criminal Rule 12 (b)(2) which states : Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense

which objections shall be noticed by the court at any time
during the pendency of the proceedings).

Thus the Minnick court defined Rule 7 (c)'s incorporated
reference rule as a means of invoking the court's jurisdiction
and authority to join individual units of the indictment for
prosecution. Since the device of Rule 7 (c) cross-referencing
was not employed in petitioner's indictment relating to the
three Aggravated Menacing and accompanying firearm
possessions counts, the trial court lack authority and
jurisdiction to try, convict and sentence petitioner on those
counts. See State v. Deedon, 189 A. 2d 660, 664 (Del. Supr.
1963) (holding that the indictment in question fails to
include an essential element of the offense charged, an
objection to the indictment, raising more than informal
defects in the language of the indictment, is of such
a nature that it may not be waived and may, accordingly,
be raised at any stage of the proceeding).

Petitioner's Actual Innocence Claim
And Jurisdictional Defect Claim, No
Bar To Procedural Review Apply

d). Trial Counsel failed to investigate petitioner's actual
innocence defense that someone other than petitioner
committed these crimes. As alleged herein above on page
2 thru 5, trial counsel failed to investigate the fact
that petitioner's look-a-like brother may have committed

the crimes to which he is convicted of. As petitioner demonstrated in his State court pleadings, the only distinguishing features between petitioner and his brother is skin color - Petitioner is light complexion and his brother is dark skinned.

Trial counsel made no pretrial requests such as a show-up identification line-up with both petitioner and his brother in attendant. Or at least request a second photo line-up with petitioner's brother picture added to be shown to the victim of crime. Since identification was the only evidence in this case, trial counsel's investigation would have been limited to this simple pretrial discovery in support of petitioner's actual innocence defense. One victim, Ms. Ayala, realized the close resemblance between petitioner and his brother and their skin color difference, thus knowing she had mistakingly identified the wrong brother subsequently wrote two (2) letters to petitioner and court stating that she mistakingly accused petitioner as the intruder. (again see Ms. Ayala's cross examination testimony T.Tr. pg. 49 to 50 and Grace Almodovar direct testimony T.Tr. pg. 33 where the 6-year old child was asked: "was he dark-skinned or was he light-skinned"? She replied innocently: "dark-skinned"). The petitioner is a high-yellow Light-Skinned hispanic male!.

Still, inexplicable, trial counsel did not motion the court for an Order directing the police department to conduct a show-up in-person line-up (or a second photo line-up)

8

with petitioner's brother included in the process.*

    Trial counsel failed to preserve any of these claims and errors for direct appeal. In support of petitioner's actual innocent defense, see, Jones v. Wood, 207 F.3d 557 (9th Cir. 2000), holding trial counsel ineffective for failing to put on evidence of same character tending to identify some other person as perpetrator of the crime. Id. 562-63; Also, see, Henderson v. Sargent, 926 F.2d 706, 710-13 (8th cir. 1991), holding ineffective assistance of counsel resulted in a miscarriage of justice for counsel's failure to investigate possibility that another person had motive, opportunity and ability to commit crime.

    e). In denying petitioner postconviction relief, the Superior Court relied on Detective Campos' false assumption that the victim, Ms. Ayala, was recanting her prior statement and wrongful identification of petitioner because she was scared of petitioner. See Superior Court's decision STATE v. DeJesus, 2005 WL 2360680 (Del. Super.) at *2, the Court stated:

---

\* As alleged in paragraph "a" above, Det. Campos threaten Ms. Ayala with imprisonment to testify falsely against petitioner after she recanted her prior mistaking identification. (See Ms. Ayala's cross examination T.Tr. pg. 55 and the actual Court Order issuing a capias for Ms. Ayala's arrest to compel her to testify Exhibit "E" attached hereto). Thus, intimidation methodic of threats of imprisonment certainly call into question the reliability of Solimari Torrez's identification as well.

> Det. Campos testified that Ms. Ayala was
> cooperative at the outset of the investigation
> but when he talked with her just prior to
> trial she cried and stated that she was
> scared of the defendant

Id.

However, during the prosecution's direct examination of Detective Campos (T.Tr. pg. 93, 94) the trial court sustained the defense's objection that there was no evidence to support Det. Campos' false claim that Ms. Ayala seemed scared, was crying or was scare of petitioner. In answer to the trial court's Question: "Did she say she'd been threatened by him"? The prosecutor relied — "No, she did not". (T.Tr. pg. 94)

Detective Campos' false incriminating accusation attributed to Ms. Ayala against petitioner was an attempt to cover-up his misconduct in threatening, intimidating and inducing Ms. Ayala and Ms. Torrez to testify falsely in support of a recanted misidentification of the petitioner.

Therefore, since the Superior Court's decision is the last STATE Court to review the merits of these claims which denied petitioner relief based upon a fraudulent factual record tending to defeat petitioner's actual innocence defense, then the District Court shall not entitle the STATE Court's decision any presumption of correctness.

f). <u>Jurisdictional Defect in Indictment</u>. As explained Above herein on page 6-7, the Superior Court had no authority to prosecute the three (3) Aggravated Menacing charges and relating weapon counts within the confines of the First Degree Burglary in count-I of the indictment without utilizing the cross-referencing incorporating

device set forth in Superior Court Criminal Rule 12(b)(2) to incorporate the charges and elements together, invoking the trial court's jurisdiction to join units II thru VII into unit-I of the indictment, placing the prohibited criminal conduct inside the house. Rule 12(b)(2) Jurisdictional Violations cannot be waived and no procedural time bar apply against obtaining relief.

Petitioner has filed a separate Motion To Correct An Illegal Sentence in the Superior Court pursuant to Super. CT. Crim. Rule 35(a) based upon the same facts and legal argument set forth herein.

If the STATE-Respondents concede to this error then hopefully some Kind of settlement agreement can be reached in the STATE Court which will render these habeas proceedings moot.

Wherefore, petitioner having demonstrated a substantial likelihood that his 6th Amendment rights to effective assistance of counsel were violated and the STATE Courts failed to apply a reasonable application of STrickland v. Washington to the facts of this case which implicates issues of actual innocence, couple with the Respondents' improper Answer to petitioner's habeas petition, thus this Court shall issue an Amended Briefing Order based upon the circumstances explained in this letter.

CC:                                    Very Truly,

James T. Wakley (DAG)          Cristian Dejesus
  (ATT. for Respondents)

11

#45   Ex. A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
v. )
)
CHRISTIAN DEJESUS )
Name of Movant on Indictment )
)
SAME )
Correct Full Name of Movant )

No. 0303004601
(to be supplied by Prothonotary)
In 03-03-1089RI, 1090RI, 1091RI
1092RI, 1093RI, 1094RI
1095RI, In 03-04-06,
0615RI

FILED PROTHONOTARY 2003 JUN 26 AM 8:53

## MOTION FOR POSTCONVICTION RELIEF

CERTIFIED AS A TRUE COPY
ATTEST SHARON AGNEW,
PROTHONOTARY
BY _Kathleen Prechard_

Ex. A

## MOTION

1.  County in which you were convicted  New Castle

2.  Judge who imposed sentence  Hon. John E. Babiarz Jr.

3.  Date sentence was imposed  May 14, 2004

4.  Offense(s) for which you were sentenced and length of sentence (s): et
    4) counts of P.F.D.C.F. 1) count Burglary 1st
    3) counts aggravated menacing and 1) count unlawful
    imprisonment 1st - sentenced to 12 years

5.  Do you have any sentence(s) to serve other than the sentence(s) imposed because of the
    judgment(s) under attack in this motion?    Yes ( )    No ( ✓ )
    If your answer is "yes," give the following information:
    Name and location of court(s) which imposed the other sentence(s):
    _____
    _____

    Date sentence(s) imposed:  May 14, 2004

    Length of sentence(s)  12 years level V

    2005 JUL 27  AM 8:53    PROTHONOTARY  FILED

6.  What was the basis for the judgment(s) of conviction?  (Check one)
    Plea of guilty ( )
    Plea of guilty without admission of guilt ("Robinson plea") ( )
    Plea of nolo contendere ( )
    Verdict of jury ( ✓ )
    Finding of judge (non-jury trial) ( )

7.  Judge who accepted plea or presided at trial  Hon. Babiarz

8.  Did you take the witness stand and testify?  (Check one)
    No trial ( )    Yes ( ✓ )    No ( )

9.  Did you appeal from the judgment of conviction?  Yes ( ✓ )  No ( )
    If your answer is "yes," give the following information:

    Case number of appeal  213, 2004

    Date of court's final order or opinion  January 10, 2005

1

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court?
Yes ( ) No (✓)    How many? ( )
If your answer is "yes," give the following information as to each:

Nature of proceeding(s) __N/A__

Grounds raised _____

_____

_____

_____

Was there an evidentiary hearing? __NO__

Case number of proceeding(s) __N/A__

Date(s) of court's final order(s) or opinion(s) __N/A__

Did you appeal the result(s)? __N/A__

11. Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:

At plea of guilty or trial __Ralph D. Wilkinson__

On appeal __Ralph D. Wilkinson__

In any postconviction proceeding __N/A__

12. State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

2

Ground one: _Defective Indictment_

Supporting facts (state the facts briefly without citing cases):
Two indictments enjoined together
9 charges under March Indictment with 2
charges under April Indictment two Indictments in one

Ground two: _Violation of Rule 8_

Supporting facts (state the facts briefly without citing cases):

_Unconstitutionality of interviewing Indictments_

Ground three: _Ineffective Assistance of Counsel Allegations_

Supporting facts (state the facts briefly without citing cases):

_SEE Post-Conviction Motion Rule 61_
_for remaining claims_

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: _None of the grounds were_
_raised because of ineffective assistance of counsel_
_Trial counsel was ineffective from the outset right_
_up to end including the appellate process_

Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

7-23-05

Date Signed

_Christian S Jesus S_

Signature of Movant
(Notarization not required)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| CHRISTIAN DEJESUS | CASE ID# SUPERIOR COURT 0303004601 |
| Defendant-Movant, | CRIM. ACT. NOS. IN03031089 |
| | IN0303 1090 |
| v. | IN0303 1091 |
| | IN0303-1092 |
| STATE OF DELAWARE. | IN0303- 1093 |
| | IN0303 1094 |
| | IN0303 1095 |
| | IN0304  14 |
| | IN0304  15 |

MEMORANDUM OF LAW PURSUANT TO SUPERIOR COURT
CRIMINAL RULE 61(b) (1) MOTION FOR POST-CONVICTION RELIEF

COMES NOW the defendant, Christian Dejesus who moves this Honorable Court pursuant to Superior Court Criminal Rule 61 based on the statutory violations, the constitutional violations and ineffective assistance of counsel as stated in the attached motion for post-conviction relief.

This is the defendant's memorandum of law to support, his request for relief this 23___ day of July 2005

## CASE HISTORY AND PROCEDURAL ISSUES

Defendant was arrested on March 7, 2003 for seven criminal offenses, with to additional offenses coming later. Trial commenced on May 13 thru 14, 2004, defendant was found guilty on May 14, 2004 and sentenced immediately thereafter to twelve years at level 5. A timely Appeal was taken and denied. This is the defendant's motion for Post-Conviction Relief.

## GROUND NO. 1
### POLICE MISCONDUCT

1) Defendant states that the arresting officer Detective Wilfredo Campos denied him due process of law to fundamental fairness under the 14th amendment. Upon investigating this case it was revealed to officer Campos on February 14, 2003 that there were two suspects in the vehicle that arrived at 116 N. Scott Street, and the passenger whom was the defendents brother, the defendant was driving, exited the vehicle and in an attempt to locate the boyfriend of Solimani Torrez, to collect a debt owed to him, committed the offenses for which the defendant stands convicted. Officer Campos withheld this exculpatory evidence from the affidavit of probable cause. Franklin State, Del. Supr. 398 A.2d 783, 78L

Officer Campos intentionally and deliberately filed false affidavit of probable cause at the Magistrate Court.

Campos misconduct continued when he began threatening and coercin the alleged victims, when they refused to testify against the defendents brother because they were afraid of him, and in realizing that officer Campos was only interested in arresting the defendant because he believed he was dealing drugs, causing Campos to develope and inherent bias towards the defendant. The victims feared reprisal, from the defendents brother who had just put a gun to their heads thereby causing them to refuse to testify against him, despite threats of being locked up by Campos.

Detective Campos kept his promise and locked Malesol and her daughter Solimani up when they refused to testify as to the guilty party, and refused to testify against the defendant as officer Campos wanted them to because he did not commit the crimes he stood accused of, as was written in the affidavits filed by Campos.

Eventually after numerous threats and being locked up Malesol Ayalla and Soliman Torrez in agreement with each other to avoid further threats, intimidation and coercesin behavoir as well as being put in prison, agreed to testify against the wrong person because that was what officer Campos wanted them to do due to his hatred for Christian DeJesus the defendant. Detective Campos was not interested in the truth.

Malesol Ayala had a previous extra-marital affair with the defendant only months prior to this incident.

The younger victim Grace Almodobar however stuck to her original testimony that the defendant was not the person who put a gun to her head, she knew the defendant from his relationship with her mom, she also testified that the suspect was dark-skinned, she was referring to the defendants brother. She was able to testify truthfully, because she was to young(6) for Campos to lock her up.

Defendant claims that the with-holding of evidence that two people were in the car on February 14, 2003 and coercen victims to testify falsely by arresting officer deprived the defendant of fundamental fairness 14th.

Defendant claims that the behavior of officer Campos was such as to overbear the will of Campos to resist and bring about a statement not " the product of a rational intellect and free will" without regard to the truthfulness or the reliability of the statement, and should not have been admissible under 11§ 3507. If not for the misconduct of Campos the defendant would have never had to stand trial for these false allegations and perjured testimony.

Defendant requests that his conviction be thrown out or as an alternative he be given an evidentieny hearing to give Malesol and Soliman the free will to tell the truth. (SEE Hubbard v. State, 782 A.2d 264 (2001

<u>Martin v. State</u>, Del. Supr. 433 A.2d 1025

# GROUND NO. 2

## PROSECUTOR MISCONDUCT

1). Defendant claims that he was denied his due process rights under the 5th and 14th amendments by the prosecutor misconduct. U.S. v. Martino 825 F.2d 754 (3rd Cir)

Defendant states that the prosecutor Natalie S. Woloshin illegally added two additional charges against him by adding the charges of P.F.D.C.F and unlawful imprisonment in the first degree. The defendant was arrested on March 7, 2003 and charged with seven criminal offenses; by Detective Campos. He was charged with three counts of possession of a firearm during the commission of a felony; one count of first degree burglary; and three counts of aggravated menacing.

Defendant further claims that the prosecutor had a Judicial officer by the name of Michael P. Reynolds set an unlawful bail of $30,000. dollars for the two illegally added charges in criminal action numbers IN 03-04-0614 and IN 03-04-0615 depriving the defendant of his liberty.

The prosecutor Natalie Woloshin knew or should have known that adding the additional charges of possession of a firearm during the commission of a felony against the defendant was unlawful act and unlawful conduct. Defendant hereby requests this Honorable Court to dismiss the additional charges in criminal action numbers IN03-04-0614 and IN03-04-0615

2). Defendant further claims that the prosecutor Natalie S. Woloshin exhibited prosecutorial misconduct when she filed an unconstitutionally defective enjoining Indictments. The defendant was illegally prosecuted by both a March Indictment containing the first seven offenses IN03-03-1089; IN 03-03-1090; IN03-03-1091; IN 03-03-1092; IN03-03-1093; IN03-03-1094; and IN03-03-1095; while the

two illegally added changes make-up the April Indictment under criminal action numbers of: IN03-04-0614 and IN03-04-0615. The enjoining and interwining Indictments are prohibited by law and the Court non defense attorney should have allowed prosecutor Natalie Woloshin to start trial with this defective and constitutionally deficient document as such this misconduct was a miscarriage of justice warranting dismissal of defendants convictions.

Defendant claims that he and other latin defendants are routinely prosecuted with this illegally enjoined multiple Indictments and believes the Department of Justice is intentionally and deliberately targeting latin suspects with the use of this unconstitutionally filed Indictments

The defendant contends that he was racially discriminated and targeted because of his race and lack of knowledge as to the English criminal law and proceedings.

Defendant has reviewed a number of Indictments that were filed in New Castle County against white defendants and "not one of them were prosecuted with enjoining Indictments: only that of latin defendants demonstrating a racial discriminatory pattern. The defendant states that the law provides that he must be afforded equal protection under the 14th amendment of the constitution of the United States of America.

As such the defendant hereby requests the Court to dismiss the case against him and have sanctions placed against Natalie Woloshin.

The defendant further suggests that this Court conduct its own independant investigation of the Department of Justice.

GROUND NO. 3

SUPERIOR COURT LACKED JURISDICTION

Defendant claims based on the defectively enjoined Indictments filed and used in this case the Superior Court lacked jurisdiction to hear his case warrants the dismissal of the case itself under the 5th and 14th amendments as well as Super. Ct. R. C6

# GROUND NO. 4

## DEFECTIVE GRAND JURY INDICTMENT

Defendant states that the Indictment against him was Defective and constitutionally invalid violating his 5th and 14th constitutional amendment rights. The defendant claims that counts 1 thru 7 was March Indictment, IN 03-03-1089, IN 03-03-1090, IN 03-03-1091, IN 03-03-1092, IN 03-03-1093, IN 03-03-1094 and IN 03-03-1095.

While counts 8 and 9 made up the second Indictment which the April Indictment, IN 03-04-0614 and IN 03-04-0615

The State prosecutor Natalie S. Woloshin enjoined both March and April Indictment's together forming one Indictment and without objection from defense counsel tried and convicted the defendant with this invalid and unconstitutional Indictment. The State should not of been able to start trial without a valid Indictment. It's a mystery as to why the State made the decision to use two separate Indictments in the first place in that because all of the offenses occurred allegedly on or about February 14, 2003, as such all 9 offenses should have been brought under a single Indictment. This constitutional blunder by Woloshin could have been avoided.

The defendents trial attorney apparently did not possess the skill or knowledge of filing Indictments in the State of Delaware, such action is prohibited.

Defendant further claims that the record in this case reflects that only one Indictment was filed, and the record only reflects that the April Indictment was filed which has only two criminal charges in IN 03-04-0614 and IN 03-04-0615, the two charges in this Indictment were in count 8) possession of a firearm during the commission of a felony and count 9) unlawful imprisonment in the first degree. Defendant claims that he is entitled to relief under the 5th and 14th amendments and in accordance with Super. Ct. Crim R. 6 (11)(S), SEE U.S. v Vreeken 803 F.2d 1085, 1088.

## GROUND NO. 5

### INDICTMENT FILED IN VIOLATION OF SUPERIOR COURT CRIMINAL RULE 8

Defendant claims that he was denied his due process rights to fundamental fairness and his right to equal protection all of which deprived him of a fair trial.

Defendant claims the Indictment filed by the prosecution was filed in violation of Superior Court Criminal Rules

This rule provides 8(a) the joinder of offenses and of defendants not the joinder of Indictments as is the question of law before this Honorable Court, defendant's trial attorney, for reasons unknown failed to object to these enjoining Indictments

This constitutional error in conjunction with all of the other errors stated in instant motion prevented the accused from even receiving a fair trial.

Defendant hereby moves the reviewing Court to dismiss the changes against him and vacate his convictions.


## GROUND NO. 6

### CONVICTION OBTAINED BY PERJURED TESTIMONY BY STATE'S WITNESS, SOLIMARI TORRES INDUCED BY THREATS AND COERCION OF DETECTIVE CAMPOS

Defendant states that his convictions should be reversed and he should be awarded a New Trial, based on the perjured testimony given by State's witness Soliman Torres, all of which denied him of a fair trial. Const. Amend 5, 14th.

Defendant states that Soliman Torres was forced to commit perjury by threats of being locked up, by Detective Campos, resulting in her given false testimony based on coercion, for both fear of Campos and fear of the defendant's brother whom was the person who committed this criminal acts. The person Campos had no interest in.

Defendant claims that his brother was the person whom was having a problem with Moreno the boyfriend of Soliman Torres. Moreno owed a debt and was refusing to pay up. The defendants brother is dark-skinned while the defendant is light-skinned. If you look at the testimony of States witness Grace of trial transcript page 32) lines 5 and 6 on direct by prosecutor Woloshin

Q). Was he dark-skinned or was he light-skinned?

A). Dark-skinned.

This witness testified truthfully had a proper unbiased investigation been done it would have revealed that the defendant's brother looks like him but has a darker complexion. If not for Detective Campos inherent-bias towards the defendant, the defendants brother could have easily of been developed as a suspect. Because of Campos bias was not interested in the witnesses claims that the defendant was not the person responsible for placing the gun to any of these victims head.

Detective Campos was also unaware that States witness's knew the defendant because there was a previous affair between the defendant and Marisol Ayala. That's why the initial investigation yielded nothing because all the witness's knew the defendant wasn't the guilty party, and never displayed this type of behavior while being in sexual relationship with their mother.

The bias Campos had for the defendant resulted in him making threats against Marisol and Solimani. thereby causing them to make false accusations against the defendant. Detective's Campos's refusal to accept the truth that defendant was factually innocent of these criminal acts angered him, causing him to make threat of locking up the witness's if they did not testify falsely by saying the defendant was the guilty party.

Campos was able to coerce Solimani to falsely accuse the defendant as the person responsible. ~~Us witalwut~~ 935 F.2d 445 (1991)

However Campos was not able to persuade Grace nor Manisol to commit perjury Manisol continued to testify that defendant only looked like the assailant.

While Grace stuck to her original testimony, a review of Grace's direct testimony reveals, that prosecutor Wolo shin never requested Grace to point to the person who put a gun to her head, giving rise that the prosecution knew all to well that the defendant was innocent.

Defendant claims that the testimony by Solimani Torres was false and perjured and denied him his fundamental rights to a fair trial.

Defendant claims that the lack of competent representation prevented the trial court from determining voluntariness of Solimani and Manisol's testimony in advance of admitting them.

In determining the voluntariness of out-of court statements the trial court must focus its attention on a totality, of the circumstances overview of the behavior of the interrogators, as well as the mental / physical makeup of the individual being interrogated, to determine whether the individual's will was so overbourne the statements produced were not the product of a rational intellectual and free will. Mentine v State, Del. Supr, 433 A.2d 1025.

These false and perjured testimony was inadmissible was clearly the result of coercion and threats, by, Detective Campos and resulted in the defendants conviction.

## GROUND NO. 7

THE TRIAL COURT ABUSED IT'S DISCRETION IN DENYING DEFENDANT'S REQUEST FOR TRANSLATOR WHILE GRANTING THE STATE'S REQUEST

Defendant claims that the trial court violated his due process rights to fundamental fairness and equal protection of the United States Constitution.

The defendant requested that the Court appoint him a translator because he did not fully understand the

English nor understand the Court proceedings against him in conjunction with the incompetence and ineffective ness of counsel, who did nothing to make him understand the proceedings.

While the Court first agreed to appoint defendant a translator, but when trial was to begin the translator was unavailable, instead of postponing the trial, the Court abandoned it's earlier ruling and forced defendant to stand trial with incompetent counsel and without the aid of a translator, even though it intially honored the defendant's earlier request.

However the Prosecutions request was granted while the defendant's request was denied, this action by the trial court clearly shifted the balance of the trial proceedings in the State's favor. Sheppard v Maxwell 384 U.S 333,16.

Defendant claims that such action denied him his constitutional rights to fairness and equal protection guaranteed to every U.S. citizen, this unfairness left the defendant without a full understanding as to the trial proceedings forced him to be put on trial with a bad indictment and unable to fend for himself Const. Amend 5, 6, 14 U.S.C.A.

Defendant maintains he is innocent and based on the denial of his fundamental rights, he hereby requests the Court to appoint competent counsel and award him a New Trial.

# INEFFECTIVE ASSISTANCE OF COUNSEL

In this portion of the defendents motion, defendant will discuss the errors, omissions and counsel's conduct that rendered him ineffective, depriving him of his 6th amendment right to effective assistance of counsel. Which rendered his trial fundamentally unfair 14th.

In order to substantiate a claim of ineffective assistance of counsel the defendant must show that his trial counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that but for counsel's errors and omissions, the result of the Superior Court jury trial would have been different. Strickland v. Washington, 466 U.S. 668,688 (1984)

Mere allegations of ineffectiveness of trial counsel are insufficient and defendent claims that his motion will make and substantiate specific allegations of actual prejudice.

Defendent claims that under Strickland 466 U.S. at 689 he will meet the burden of proving by a preponderance of evidence his post-conviction relief claim that his trial attorney was ineffective in in representing at all phases of his trial proceedings and on Direct Appeal.

## GROUND No. 8

Trial counsel was ineffective in failing or refusing to challenge the two charges that were added illegally, counts 8 and 9. P.F.D.C.F; Unlawful imprisonment first degree.

These two charges were added in violation of the defendents due process rights. defendant should have never

had to stand trial for these two criminal offenses which resulted in 3 years more of level 5 time. Had his trial counsel been competent or effective he would have objected to the additionally changes and motioned the court for dismissal, and in all probability the court would have granted the motion.

Counsel's failure here deprived the defendant of his sixth amendment right to counsel, and fell well below the reasonable standard of competence under Strickland

Defendant hereby requests that his convictions for counts 8 and 9 be vacated 6.14. U.S.C.A.

## GROUND No. 9

Trial counsel's representation of the defendant, was deficient unreasonable for failing to file motion to dismiss defective enjoined indictment's pursuant to Superior Court Criminal Rule 12 prior to the commencement of trial. (SEE AND COMPARE) RHODEN V. MORGAN, 846 F.Supp 578 pretrial ineffectiveness.

Failure of trial counsel to file meritorous pretrial motions constitutes ineffective assistance of counsel and establishes "cause" for procedural default. 6th amendment

While being put on trial with a bad defective enjoining indictments of both March and April indictments, resulting in conviction, and more severe punishment.

When factually speaking the defendant should have never had to stand trial on this bad indictment, if trial counsel would have moved the trial court for dismissal

Therefore the "prejudice" prong of Strickland is met

Trial counsel obviously lacked both the skill and knowledge or understanding of Superior Court Criminal Rules 8 and 14. Rule 8 allows joinder of defendants and offenses not the joinder of multiple indictments. Under the circumstances counsels representation was unreasonable and defendant is entitled to relief for violations of his 6th and

## GROUND No. 10

Trial counsel's failure to conduct independent investigation rendered his assistence ineffective and wholly unprepared despite his clients persistence of innocence, deprived the defendant of a fair trial and his sixth amendment to assistence of counsel. States witness Grace testified under oath that the perpertrator was dark-skinned while counsel's client was light-skinned, strong presumption for independent investigation yet counsel never bothered to do so. McQueen v. Swenson, 498 F.2d 207

Pre-trial investigation and preparation are the keys to effective representation yet counsel did neither U.S. v. Tucker, 716 F.2d 576; Sullivan v. Fairman, 819 F.2d 1382, 1389.

An investigation by defense counsel would have revealed that the defendants brother was responsible for these criminal acts. States witness Mensol testified that the assailant looked like Chris, States other star witness testified that the person who placed a gun to her head was dark-skinned, referring to the defendants brother.

Counsel's failure and refusal to investigate to support his clients claim of innocence was extremely damaging and virtually left his client without a defense, and assured a guilty verdict for the prosecution.

An investigation would have enabled counsel to develope the defendants brother as a suspect and had the jury of had this evidence presented to it, in all probability the jury would have found the defendant not guilty.

Or at a minimum created a reasonable doubt.

It is certainly true that the degree of investigation was needed as well as reasonable, failure to do so let to break down in the adversarial process and substantially altered the outcome, violating defendants due process and sixth

# GROUND No. 11

Defendant claims that trial counsel's failure to interview state's witnesses prior to trial was unreasonable and constitutes ineffective assistance of counsel, standard below competence depriving him of 6th amendment right to the assistance of counsel.

Since the state's witnesses were being intimidated, coerced and threatened by Detective Campos it would have been reasonable and rational strategic choice to interview the witnesses independently in the absence of police. Without having to worry about being locked-up, in all probability had trial counsel would obtained information and or facts to support his client's claim of innocence. It is more likely than not the witnesses would have spoke freely with counsel and revealed the truth that the defendant did not enter their home and commit these acts

Defendant claims that his attorney kept suggesting that he plead guilty and when he refused the plea offer counsel abandoned the cause, made no further attempts to prepare for trial, had no strategy and conceded his guilt. Such conduct by trial counsel failed to hold the prosecution to its burden of proof of persuading the jury that defendant was guilty. Thus, the defendant was deprived of due process, a fair trial and his sixth amendment right to counsel. <u>U.S. v. Swanson</u> 943 F.2d 1070

# GROUND No. 12

Trial counsel was ineffective on cross-examination of state's witness Grace, whom was giving testimony that was exonerating the defendant, yet trial counsel did not cross-examine this key witness for the defense. Counsel failed to ask this witness was his client the man who entered her home and placed a gun to her head. From the testimony

that witness Grace had given of a dark-skinned man this evidence would have created a reasonable doubt in the minds of enough jurors to avoid conviction.

At this point of the trial it became evident that the defendents attorneys effort was pretextual and a useless charade, case lacking strategy. U.S. v Cronic 466 U.S 648 Sims v Livesay, 970 F.2d 1575 (1992)

Counsel's conduct virtually deprived defendent of any chance of an acquittal

Counsel's errors and deficiencies are severe and serious enough to have undermined the confidence of the outcome

It can be said that defendent was denied assistance of an attorney guaranteed under the 6th amendment of the constitution. Counsel's conduct and omissions cannot be relied upon as producing a just result. Strickland v Washington 466 U.S at 696.

Based counsels deficient performance defendant is entitled to reversal of his convictions, warrenting a New Trial. With competent representation defendant claims the outcome of his trial results would be different.

## GROUND No.13

Defendant claims that trial counsel was equally ineffective on Direct Appeal denying the defendent of his right to counsel secured by the sixth amendment. Evitts v Lucey, 105 S.ct 830

Trial counsel filed a "No-Merit" Appeal all but abandoning the case itself. The defendant was left to shift for himself, which a language barrier prevented him from effectuating a merits brief.

Up to this point the defendents motion raised the most blatent and fundamental errors committed by his trial attorney.

There were many other errors and deficiencies attributed to counsel as well that show that the defendant was effectively left without the assistance of an attorney.

Trial counsel failed to object to inadmissible evidence of bullets and bullet holes found at the defendants residence failure to subject the prosecutions case as to this evidence to get a ruling from the Court as to its admissibility under direct rules of evidence Rule 404 b. In all likelihood the Court would have ruled it inadmissible since the prosecution had no direct knowledge as to when the bullet holes were made, nor whether they were there prior to the defendant renting the residence counsel just stood by allowing this damaging and prejudicial testimony to be presented to the jury without objection.

The prejudice to the defendant clearly outweighed the probative value. This inadmissible and highly prejudicial evidence undermined the jury's ability to return an appropriate verdict free of unfairly prejudicial effect.

Extremely destructive to defendants ability to receive a fair trial by an impartial jury 6.14 Const. Amend.

Trial counsels failure to interview material witnesses or investigate the case in general constitutes ineffective assistance of counsel, was unreasonable and falls well below the objectively reasonable standard of competence expected of criminal defense attorneys.
Eldrige v Atkins, 663 F. 2d 228; Miller v. Weinwright 798 F. 2d 426

Trial counsel's ineffectiveness was evident from the outset of this case, counsel allowed the prosecutor to to add two additional criminal charges well after the fact. The prosecutor could have added as many new charges as she desired counsel would not of objected Then to compound his dubious effort allowed the prosecution to prosecute the defendant with two enjoining indictments. The most jaded law student would have

moved to dismiss the defective indictment. Had trial counsel been in conformity with the applicable laws and Court Rules (Rule 8) he would have moved to dismiss the indictment. Instead the defendant was put on trial not knowing the indictment was bad.

Every time defendant would inquire as to the status of his case or try to have the applicable laws explained to him, counsel would insist that he plead guilty to all charges

Defense counsel's performance was not only ineffective but counsel abandoned the required duty of loyalty to his client because he refused plea offer. Counsel did not simply make poor strategic or tactical choices he acted with reckless disregard for his clients best interest, and apparently with the intention to weaken his clients case by refusing to challenge or object to the obvious. Osborn v. Schillinger 861 F.2d 612.

The defendant respectfully submits that these errors committed by defense attorney, fatally undermined the reliability of the jury's verdict.

Counsel's conduct at trial left no grounds for appeal as such, the conclusion is unavoidable that counsel's conduct so undermined the proper functioning of the adversarial process, that the trial and appellate proceedings cannot be relied upon on as having produced a just result." Strickland, supra at 686.

Defendant submits that a new trial could in all reasonable probability bring about a different verdict providing competent assistance be appointed. Strickland v. Washington, 466 U.S. 668; Younger v. State Del. Supr., 580 A.2d 552

## CONCLUSION

WHEREFORE, for the reasons and authorities cited herein, defendant moves the Court for an order vacating his convictions and ordering a new trial.

Cristian Dejesus S.
CHRISTIAN DEJESUS
Delaware Corr' Center
1181 Paddock Road
Smyrna, DE 19977

July 23, 2005

Ex. B

In The Supreme Court of The State of Delaware

Christian Dejuses,

Defendant-Below,
Appellant,

V.

State of Delaware

Plaintiff Below,
Appellees.

No. 499, 2005

Appellant's Opening Brief

This is appellant opening brief pursuant to Supreme Court Rule 15. However, other than what's presented in this brief, the appellant will rely on the Memorandum of points and Authorities present to the Superior Court in Support of his Post Conviction Motion, attached hereto as exhibit-A.)

I. Whether The Totality Of Appellant's Court Appointed Counsel's Representation Fell Below A Standard of Reasonableness And Violated Appellant's Sixth And Fourteenth Amendment Rights As Guaranteed By The Constitution of The United States. U.S.CA. Const. Amends. 6 And 14.

Exhibit- B

1). That the Sixth Amendment provides that in all Criminal prosecutions, the accused shall enjoy the right to have Counsel... and guarantees the right to effective assistance of Counsel in Criminal prosecutions. The right to effective assistance of Counsel applies to both Federal and State prosecutions in Criminal Cases. See Gideon V. Wainwright, 372 U.S. 335, 342 (1963) (Sixth Amendment right to Counsel in Criminal proceedings applies to States through the Fourteenth Amendment) See Strickland V. Washington, 466 U.S. 668, 692 (1984).

In appellant's Case the Court must evaluate Counsel's performance to determine whether absent Counsel's errors the appellant would not have been found guilty... and the outcome would have been different, but for Counsel's errors.

2). That Counsel's failure to investigate the conflicting stories presented by the victims and to present evidence in mitigation before the Court, at trial, was ineffective assistance, because jury would probably have found the appellant not guilty in light of the mitigating factors. Strickland V. Washington, 466 U.S. 387, 695 (1985); Williams V. Taylor, 529 U.S.362, 397 (2000); Germyn V. Horn, 266 F.3d 257, 309-12 (3nd Cir. 2001); Lockett V. Anderson, 230 F.3d 695, 714-16 (5th Cir. 2000); Also, Counsel Failure to investigate or prepare Mitigation evidence regarding appellant's language barrier and request for and interpreter due to his Spanish speaking dialect and limited understanding of the English language, Constitutes ineffective assistance of Counsel. See Cone V. Bell, 243 F.3d 961, 978-79 (6th Cir. 2001); Emerson V. Gramley,

(2)

91 F.3d 898,906 (7th Cir. 1996). Antwine V. Delo, 54 F3d.1357, 1365-68
(8th Cir. 1995); Ainsworth V. Woodford, 268 F.3d 868, 873-74 (9th Cir. 2001,
Battenfield V. Gibson 236 F.3d 1215, 1234-35 (10th Cir. 2001).

3). Appellant's Counsel stated that there was no use in pre-
senting mitigating evidence, because the victims testimony would
outweigh any mitigating factors, Constitutes ineffective assistance
of Counsel. See Cobbs V. Turpin, 142 F.3d 1383, 1386-91 (11th Cir. 1998).
The appellant was indeed, prejudiced by Counsels Representation, as
set forth in Strickland V. Washington, This so, because the
Counts Opinion denying appellant's Motion For post Conviction Relief
States explicitly that, Victim Ayala had written two letters pro-
claiming appellant's innocence. The Court went on to say that
the jury heard both Versions of Victim Ayala's recitation of the
events, but chose to believe what she had initially said from the
beginning, that the appellant was the person who barged into her
home kind threatened her and her daughter with a gun. There-
fore the Court abused its discretion and Committed plain er-
ror, because no determination was set forth by the Count as
to why the jury Chose to believe Victim Ayala's initial story
of, rather than her two letters of recantation that the appellant
was actually innocent. (See Super. Ct. Opinion page 6 of 8). Thus,
Constitutes ineffective assistance Counsel.

(3)

4). The appellant has set forth and established that Defense Counsel's representation/assistance fell outside the wide range of reasonable professional assistance. Strickland V. Washington, 466 U.S. 668, 689 (1984). Counsel's performance fell below an objective standard of reasonableness, and there exists a reasonable probability that, but for Counsel's unprofessional errors the result of the proceedings would have been different. Counsel's failure to raise the mitigating factors as set forth was, "Sufficiently egregious and prejudicial."

5) Under the circumstances, Counsel could have made non frivolous and meritorious arguments on appeal. By not doing so, appellant was prejudiced by Counsel's errors. Mason v. Hanks, 97 F.3c 887, 894 (7th Cir. 1996); Restrepo V. Kelly, 178 F.3d 634, 640-41 (2d Cir. 1999). That the record is not sufficiently developed regarding merits of appellant's ineffective assistance claim due to the lower Court's abuse of discretion to develope such a record. That Counsel should have been compelled to respond to appellant's ineffective assistance claims.

Wherefore: The appellant prays that the Court will vacate the lower Court's opinion and reverse and remand same.

Dated: 12-19-05

Appellant, pro Se,
Christian Legases
1181 Paddock Road
Smyrna, Delaware
19977.

(4)

Certificate of Service

This is to Certify that I, Christian Dejuses, did
Cause to be Served a true and Correct copy of the
appellant's opening Brief on, the following named person(s)/
agency by placing same in the United States postal Service
at the Delware Correctional Center, Smyrna Delaware 19977,
on this 19th day of December 2005.

To: Attorney General Office
Department of Justice
820 N. French Street
Wilmington, Delaware 19801

Dated: 12-19-05

Appellant, Pro Se,
Christian Dejuses
1181 Paddock Road
Smyrna, Delaware
19977.

(5)

Ex. C

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CHRISTIAN DEJESUS, | § |
| | § No. 499, 2005 |
| Defendant Below- | § |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § in and for New Castle County |
| STATE OF DELAWARE, | § Cr. ID No. 0303004601 |
| | § |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: March 24, 2006
Decided: May 30, 2006

Before **STEELE**, Chief Justice, **HOLLAND** and **RIDGELY**, Justices

### O R D E R

This 30th day of May 2006, upon consideration of the briefs of the parties, it appears to the Court that the judgment of the Superior Court should be affirmed on the basis of and for the reasons set forth in its decision dated September 27, 2005.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Chief Justice

*Exhibit C*

Ex. D

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                     :
                                      :
V.                                    :    INDICTMENT BY THE GRAND JURY
                                      :
CHRISTIAN DEJESUS                     :    I.D. #0303004601

The Grand Jury charges CHRISTIAN DEJESUS with the following offenses:

### COUNT I.  A FELONY

#N

BURGLARY FIRST DEGREE in violation of Title 11, Section 826, of the Delaware Code of 1974, as amended.

CHRISTIAN DEJESUS, on or about the 14th day of February, 2003, in the County of New Castle, State of Delaware, did, at night, knowingly and unlawfully enter or remain in a dwelling located at 116 N. Scott Street, Wilmington, Delaware, with the intent to commit the crime of Unlawful Imprisonment First Degree therein, and when in effecting entry or when in said dwelling he was armed with a gun, a deadly weapon.

### COUNT II.  A FELONY

#N

AGGRAVATED MENACING in violation of Title 11, Section 602 of the Delaware Code of 1974, as amended.

CHRISTIAN DEJESUS, on or about the 14th day of February, 2003, in the County of New Castle, State of Delaware, did intentionally place Malesol Ayala in fear of imminent physical injury by displaying what appeared to be a deadly weapon, a gun.

Ex. D



### COUNT III. A FELONY

#N _____

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

CHRISTIAN DEJESUS, on or about the 14th day of February, 2003, in the County of New Castle, State of Delaware, did possess a gun, a firearm during the commission of Aggravated Menacing as set forth in Count II of this Indictment.

### COUNT IV. A FELONY

#N _____

AGGRAVATED MENACING in violation of Title 11, Section 602 of the Delaware Code of 1974, as amended.

CHRISTIAN DEJESUS, on or about the 14th day of February, 2003, in the County of New Castle, State of Delaware, did intentionally place Grace Almodobar in fear of imminent physical injury by displaying what appeared to be a deadly weapon, a gun.

### COUNT V. A FELONY

#N _____

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

CHRISTIAN DEJESUS, on or about the 14th day of February, 2003, in the County of New Castle, State of Delaware, did possess a gun, a firearm during the commission of Aggravated Menacing as set forth in Count IV of this Indictment.



## COUNT VI. A FELONY

#N

AGGRAVATED MENACING in violation of Title 11, Section 602 of the Delaware Code of 1974, as amended.

CHRISTIAN DEJESUS, on or about the 14th day of February, 2003, in the County of New Castle, State of Delaware, did intentionally place Solimari Torrez in fear of imminent physical injury by displaying what appeared to be a deadly weapon, a gun.

## COUNT VII. A FELONY

#N

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

CHRISTIAN DEJESUS, on or about the 14th day of February, 2003, in the County of New Castle, State of Delaware, did possess a gun, a firearm during the commission of Aggravated Menacing, as set forth in Count VI of this Indictment.

## COUNT VIII. A FELONY

#N

UNLAWFUL IMPRISONMENT FIRST DEGREE in violation of title 11, Section 782 of the Delaware Code of 1974, as amended.

CHRISTIAN DEJESUS, on or about the 14th day of February, 2003, in the County of New Castle, State of Delaware, did knowingly and unlawfully restrain Malesol Ayala under circumstances which exposed said person to the risk of serious physical injury.



## COUNT IX. A FELONY

#N _____

POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY, in violation of Title 11, Section 1447A of the Delaware Code of 1974 as amended.

CHRISTIAN DEJESUS, on or about the 14th day of February, 2003, in the County of New Castle, State of Delaware, did possess a gun, a firearm during the commission of Unlawful Imprisonment First Degree  as set forth in Count VIII of this Indictment which is herein incorporated by reference.

A TRUE BILL

(FOREPERSON)

ATTORNEY GENERAL

DEPUTY ATTORNEY GENERAL




$Ex. E$



Ex. E

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
) ID. No. 0303004601
)
CHRISTIAN DEJESUS )

#### ORDER

NOW, TO WIT, this $11$ day of May , 2004, upon consideration of the

Foregoing motion and Affidavit of Deputy Attorney General Natalie Woloshin, it appears that

MARISOL AYALA is required as a material witness for the State of Delaware in the above-

captioned trial. A capias for MARISOL AYALA is hereby ORDERED, and it is further

ORDERED that bail be set in the amount of $5, 000 secured.

**IT IS SO ORDERED.**

Judge

DATED: May 11, 2004

CERTIFIED AS A TRUE COPY
ATTEST SHARON AGNEW
PROTHONOTARY
BY


```
Date 05/11/04              Warrant Data Inquiry Scree              Pgrm CJMWPI01
    Cautions:                                                       User CSCKBAT
    Warrant No: U704002896 Locator Flag:
    Warrant Agy: New Castle County SUPERIOR Court      Agency Ori: DE002025J
Warrant Stats: ACTIVE                        Issued: 05/11/2004 Fine:
Capias Ind: CAPIAS Post-Pre Cnvct: PRE  Court: New Castle County SUPERIOR Court
  Uniform Case: 0405008082      Recommended Bail: 5,000.00 Secured Bail
Extradition Limit:              NCIC #:

    Last Name: AYALA              First: MARISOL        SBI: T0920634 Seq: 1
      Address: 618 W 5TH ST                      Address Grid:
                                                       Res. Ph.:
          City: WILMINGTON        Cnty: N   State: DE      Zip: 19801
  Sex: F  Race: W  DOB: 05/29/1969 Hgt: 502 Wgt: 200 Hair: BRO Eyes: BRO
Skin:      POB:     Nickname:                    SSN:
  Driver Lic #: 1252507                   State: DE Exp.Yr: 2003

Complaint Nbr:

      Comments: CAPIAS /Other reason not listed U70303004601/04M-05-009, MAT
                ERIAL WITNESS FOR C. DEJESUS.
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      Help  Menu  Quit  Pol   Mult  SMTs  --    --    Escp  --    --    --
No Additional data for display. PRESS ENTER to review charge info.
```

\$ 02.07°
APR 06 2007
MAILED FROM ZIP CODE 19977

NAM Cristian Rogers
SBI# 507935  UNIT 022 A21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the clerk
United states District
court 844 n. King street
Locst3o, 1s  wilor. D.E.
19801-3570

Legal mail.