From: Christian DeJesus
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977



To: Honorable Joseph J. Farnan, Jr.
U.S. District Court Judge
844 King Street
Wilmington, Delaware 19801

April 15, 2007

Re: DeJesus v. Carroll, et al
C.A. No. 06-553-JJF
(Petitioner's Letter Dated April 3, 2007; Court's Order For Extension Of Time And Evidentiary Hearing)

Dear Judge Farnan,

This is a follow-up correspondence to the letter I wrote to you dated April 3, 2007, regarding the inadequacy of the State's Answer to my habeas petition. In my letter, on page 3, I requested leave to Amend my habeas petition by simply incorporating all the issues from my State Court Postconviction Motion & Supporting Memorandum with these proceedings before this Court for consideration. This way it won't be any misunderstanding as to what petitioner's claims are and what issues the State shall Answer to.

Also, on March 27, 2007, this Court granted petitioner's motion for Extension of Time to file a Reply to the State-Respondents' Answer.

However, in light of the new legal developments as explained in my April 3, 2007, letter, this Court shall take

1

these matters under reconsideration.

In taking this matter under advisement, this Court is asked to decide whether or not an evidentiary hearing is warranted on the § 3507(a) prior out-of-court statements of the victims in this case in which the face of the trial records support that the investigating police Detective threaten the witnesses with imprisonment to testify against the petitioner in support of a mistaking identification the witness recanted.

The issue of whether the victims voluntary wanted to testify was in dispute prior to trial and the trial record show that the trial court never resolved the § 3507(a) issue before allowing the prosecution to use the victims' prior identification of petition as evidence. Under 11 Del. C. § 3507(a) a voluntary out-of-court prior statement of a witness can only be used if the declarant take the stand and testify about the event perceived. See Ray v. State, 587 A.2d 439, 443-44 (Del. Supr. 1991).

In this case whether or not the voluntariness of the victims' wills to testify against petitioner were "overborne" by the impermissible misconduct of the police Detective's threats of imprisonment was never resolved prior to allowing the witnesses to testify. See Hatcher v. State, 337 A.2d 30 (Del. Supr. 1975), holding that ... The Trial Court must be satisfied that the offering party has shown by a preponderance of the evidence that the statement was voluntarily made ... and must render an explicit determination on the issue ... before admitting it for the jury's consideration. Id. at 32. And the

concern expressed by the Ray court centered on the absence of the foundation needed before the admission of any § 3507 statement. See Demeby v. State, 695 A.2d 1152, 1161 (Del. Supr. 1997)

The foundation required for the Section 3507 statement to be admissible was necessary in order to comply with the confrontation requirements of the 6th Amendment. Id. Ray make clear that the voluntariness element of § 3507 apply to a witness who is the victim subject to cross-examination regarding out-of-court prior statement, and if a witness refuse to testify about the prior events perceived then the prior statement is inadmissible. Demeby, at 1161.

Therefore whether or not a witness' free-will to testify was overborne by threats and coercion shall be dealt with by the Hatcher Rule as further defined in State v. Rooks, 40 A.2d 948 (Del. Supr. 1979).

In this case, Detective Campos not only threaten the petitioner's accuser, Melesol Ayala, with imprisonment if she refuse to testify, but she was actually jailed until she promised to testify. (See Ms. Ayala's direct testimony T.Tr. pg. 49 thru 55 - The threats were conveyed through Ms. Ayala's Mother, T.Tr. pg. 55). However no one (not the trial Judge, Prosecutor or Petitioner's Trial Counsel) sought to talk to Ms. Ayala's Mother to findout the extent of Detective Campos' threats and whether or not any of those threats were directed towards Ms. Ayala's daughter, Solimari Torrez, the other witness (victim of crime) who testified against petitioner.

3

Since Hatcher, Rooks and Ray make clear that any issue as to voluntariness of a testifying witness regarding an out-of-court prior statement must be resolved before offering the testimony in which was not done in this case, then the district court have two (2) options: 1) reverse petitioner's convictions and grant a new trial and 2) conduct an evidentiary hearing on the voluntariness of the primary two witnesses/accusers Ms. Ayala and Ms. Torrez.

Wherefore, I appreciate if this Honorable Court will give its guidance on the direction of the § 3507 issue which clearly show that the petitioner is the victim of a mistaken identity. The petitioner should not be punish for the transgressions of his brother's.

Very Truly,
Christian DeJesus
Petitioner

cc:
James T. Wakley (DAG)

4

IM Cristian De Jesus
SBI# 501798  UNIT 22-A-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
WILMINGTON DE 197
20 APR 2007 PM 11
18 APR 2007 PM 3

D.C.M.S.
X-RAY

844 King St
Honorable Joseph J.
Forman Sr. US District
Court Judge 844 King
street Wilm. DE.
19801

RECEIVED
APR 25 2007

legal mail